James Jacobsen (Alaska Bar No. 9511051)
Stacey & Jacobsen, PLLC
4039 21st Avenue W, Suite 401
Seattle, WA 98199
Telephone: (206) 282-3100

John R. Hillsman (CA State Bar No. 71220)
Derek B. Jacobson (CA State Bar No. 88417)
McGuinn, Hillsman & Palefsky
535 Pacific Avenue, Suite 100
San Francisco, CA 94133
Telephone: (415) 421-9292

Attorneys for Plaintiff
STEVEN DUNHAM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STEVEN DUNHAM, | Case No.: |
| Plaintiff(s), | |
| vs. | JURY TRIAL DEMANDED |
| TURNAGAIN MARINE CONSTRUCTION CORPORATION, | |
| Defendant. | |

**COMPLAINT FOR DAMAGES FOR VESSEL OWNER NEGLIGENCE, JONES ACT NEGLIGENCE, UNSEAWORTHINESS, AND MAINTENANCE AND CURE**

COMES NOW plaintiff, STEVEN DUNHAM, who complains against defendant, TURNAGAIN MARINE CONSTRUCTION CORPORATION, and for causes of action, avers:

## JURISDICTION AND VENUE

1. This cause arises under the provisions of the General Maritime Law, as enforced by § 5 of the Longshore and Harbor Workers' Compensation Act (hereinafter "LHWCA"), 33 U.S.C. § 905. Jurisdiction is conferred upon the civil side of this Court by the "Saving to Suitors" clause in 28 U.S.C. § 1333, and the provisions of the Federal Employers Liability Act, 45 U.S.C. § 56, which is incorporated into the Jones Act 46 U.S.C. § 30104.

2. Subject matter jurisdiction is alternatively conferred upon this Court under principles of diversity jurisdiction, 28 U.S.C. § 1332, in that at all times herein mentioned, Plaintiff STEVEN DUNHAM was, and still is, a resident of the State of Washington. Defendant TURNAGAIN MARINE CONSTRUCTION CORPORATION was, and still is, a corporation organized and existing under the laws of the State of Alaska, with Alaska entity UBI No. 604 004 549. Defendant's corporate registration lists its principal place of business as 8241 Diamond Hook Drive Unit A, Anchorage, AK 88507-3154. Plaintiff STEVEN DUNHAM claims damages, exclusive of interest and costs in an amount greater than $75,000.00.

3. Venue lies in this Honorable Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FIRST CAUSE OF ACTION
### [Vessel Owner Negligence 33 U.S.C. § 905(b)]

4. At all times material hereto, Defendant owned, operated, maintained, and controlled an identifiable fleet of vessels in navigation, including, but not limited to, that

---

COMPLAINT FOR DAMAGES FOR VESSEL OWNER NEGLIGENCE, JONES ACT NEGLIGENCE, UNSEAWORTHINESS, AND MAINTENANCE AND CURE 2

certain Coast Guard documented crane barge commonly known as the *D/B SWIFTWATER*, as well as flat barges and an aluminum work boat.

5. At all times herein mentioned, Plaintiff was employed by Defendant as a marine construction worker in a capacity comprising "maritime employment" within the meaning of § 2(3) of the LHWCA, 33 U.S.C. § 902(3).

6. On or about September 28, 2016, said fleet of vessels was afloat and operating upon the navigable waters of Iliuliuk Bay, adjacent to Dutch Harbor, Alaska, within one marine league from shore. Defendant was then and there negligent in its capacity as owner of said fleet of vessels in that it:

(a) failed to turn said vessels over to Plaintiff and his co-workers in such condition that expert and experienced marine construction workers could carry out their duties in reasonable safety;

(b) failed to exercise due care over a gangway providing access to *D/B SWIFTWATER* which remained under its active control; and,

(c) as owner of the vessel, failed to ensure that the workers were provided with a safe and secure gangway as required by 29 C.F.R. § 1918.22 (evidence of the standard of care).

7. As a direct and proximate result of Defendant's herein-above alleged conduct in the premises, Plaintiff was injured in the course of his aforesaid employment, sustaining harm to various parts of his person, including but not limited to his right shoulder and right wrist, when fell from the gangway as he was returning to *D/B SWIFTWATER* from an overwater pile driving template. Said injuries have caused and

will continue to cause Plaintiff great physical, mental, and emotional pain and suffering, all to his general damage in an amount which exceeds the jurisdictional limits of the District Court.

8. As a further direct and proximate result of Defendant's hereinabove alleged conduct in the premises, Plaintiff was forced to incur, and shall continue to be forced to incur, debts and obligations for medical expenses, all to his special damage in an amount to be proven at the time of trial herein.

9. As a further direct and proximate result of Defendant's hereinabove alleged conduct in the premises, Plaintiff has been harmed in his capacity to work and earn wages, and has thereby suffered and shall continue to suffer a loss of income, all to his further special damage in an amount to be proven at the time of trial herein.

WHEREFORE, Plaintiff prays judgment against Defendant as is hereinafter more fully set forth.

## SECOND CAUSE OF ACTION
### [Jones Act Negligence]

10. Plaintiff herewith refers to and by that reference incorporates, as though fully set forth herein, each and every allegation contained in his First Cause of Action save and except those alleged in Paragraphs 5 and 6.

11. This cause arises under § 33 of the Merchant Marine Act of 1920, 46 U.S.C. § 30104, otherwise known as the Jones Act. Jurisdiction herein is conferred upon the Court by the express provisions of that statute.

12. At all times material hereto, Defendant employed Plaintiff as a "seaman" and "a member of a crew of a vessel" in that:

   a) he enjoyed an employment-related connection to the vessels of Defendant's hereinabove described fleet that was substantial in both nature and duration; and

   b) he contributed to that fleet's special mission or purpose upon the navigable waters.

During the course of said employment, Plaintiff worked in the service of said fleet of vessels and performed duties of the type traditionally performed by seaman.

13. On or about September 28, 2016, said fleet of vessels was afloat and operating upon the navigable waters of Iliuliuk Bay, adjacent to Dutch Harbor, Alaska, within one marine league from shore. Defendant was then and there negligent in that:

   (a) It failed to properly inspect, maintain, equip, and operate the aforesaid fleet of vessels, their decks, tackle, equipment, gangways, and apparel;

   (b) It failed to provide Plaintiff with a safe, proper, and suitable place in and about which to work;

   (c) It failed to provide Plaintiff with safe and suitable access to the vessels of its fleet;

   (d) It failed to adequately superintend and supervise the work then and there in progress; and,

   (e) It violated the statutes and regulations previously enacted for Plaintiff's safety.

WHEREFORE Plaintiff prays judgment against Defendant as is hereinafter more fully set forth.

### THIRD CAUSE OF ACTION
### [Unseaworthiness]

14. Plaintiff herewith refers to and by that reference incorporates, as though fully set forth herein, each and every allegation contained in his Second Cause of Action.

15. This action arises under the provisions of the General Maritime Law of the United States. Jurisdiction herein is conferred upon the Court under the "Saving to Suitors Clause" of 28 U.S.C. § 1333.

16. At all times herein mentioned, and by provision of the General Maritime Law of the United States, Defendant warranted to Plaintiff that said vessels, their decks, equipment, tackle, gangways, and apparel were seaworthy and reasonably fit for their intended use.

17. Defendant then and there breached the aforesaid warranty in that they:

(a) failed to maintain said vessels, their crews, decks, tackle, gangways, engines, anchors, equipment, tackle, and apparel in safe and seaworthy condition;

(b) failed to observe and obey the safety statutes and regulations applicable to the aforesaid vessel's operation;

(c) failed to provide said vessels with a competent and adequate crew;

(d) failed to conduct the work of said vessels in accordance with safe and prudent procedures;

McGuinn, Hil
& Palefsk
535 Pacific A·
San Francisco, C
(415) 421-9

(e) failed to provide adequate ingress and egress to the vessel; and

(f) employed an improper and unseaworthy method for the crew to gain ingress and egress to the vessel.

WHEREFORE, Plaintiff prays judgment against Defendant as is hereinafter more fully set forth.

## FOURTH CAUSE OF ACTION
### [Maintenance, Cure, and Found]

18. Plaintiff hereby refers to and by that reference incorporates, as though fully set forth herein, each and every allegation contained in his Second Cause of Action, hereinabove.

19. At all times herein mentioned, and by reason of the hereinabove described injuries, Plaintiff was and still is disabled from resuming his regular employment as a crew member and a seaman, and is therefore entitled to maintenance, found, care, cure, and wages for the duration of said disability.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

For general damages in excess of the jurisdictional limits of the District Court;

2. For special damages according to proof;

3. For maintenance, care, cure, found, and wages;

4. For pre-judgment interest;

5. For costs of suit incurred herein; and,

6. For such other and further relief as the Court deems proper.

---

COMPLAINT FOR DAMAGES FOR VESSEL OWNER NEGLIGENCE, JONES ACT NEGLIGENCE, UNSEAWORTHINESS, AND MAINTENANCE AND CURE 7

DATED June 7, 2019.

JAMES P. JACOBSEN
STACEY & JACOBSEN, PLLC

McGUINN, HILLSMAN & PALEFSKY
Attorneys for Plaintiff Steven Dunham

By: _____
James Jacobsen, Alaska Bar No. 9511051
jjacobsen@maritimelawyer.us
Joseph S. Stacey, Alaska Bar No. 0007041
jstacey@maritimelawyer.us
4039 21st Avenue W, Suite 401
Seattle, WA 98199
Telephone: 206.282.3100